Lear, &c., v. Prather.

CASE 75—PETITION EQUITY—JANUARY 30.

# Lear, &c., v. Prather.

APPEAL FROM GARRARD CIRCUIT COURT.

RESERVATION OF HOMESTEAD IN MORTGAGE.—Where a mortgage on land expressly reserves to the mortgagor a "homestead," this, nothing else appearing, will be treated as the reservation of one thousand dollars' worth of land from the operation of the mortgage, without regard to whether the conditions exist which are necessary to entitle the debtor to the exemption of a homestead under the statute. But, if the reservation was merely intended to express what was supposed by mistake to be the legal right of the debtor, when, in fact, he was not entitled, under the statute, to the exemption of a homestead, the mortgage may, as against the husband at least, be so reformed as to include the homestead; but, to entitle the mortgagor to this relief, he must allege and prove that all the land that was subject to mortgage was intended to be mortgaged, and that but for the mistaken belief that the homestead was not subject to the mortgage it would have been included.

ANDERSON & HERNDON FOR APPELLANTS.

The reservation of a "homestead," in a mortgage on land, does not entitle the mortgagor to an exemption of one thousand dollars' worth of land, unless he is a *bona fide* housekeeper with a family. The reservation of a right which does not exist does not create such a right.

R. H. TOMLINSON FOR APPELLEE.

1. The appellee having reserved a homestead, and the appellants having accepted the mortgage with the reservation, the mortgage lien attached to only so much of the land as remained after carving out a homestead, without regard to whether the conditions existed which entitled the debtor to a homestead under the statute.
2. The debtor had such a family as entitled him to the exemption of a homestead under the statute. (Brooks v. Collins, 11 Bush, 626; Doyle v. Coburn, 6 Allen, 71; Thompson on Homestead Exemptions, pp. 54, 72.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, James M. Prather, on the 6th day of January, 1887, conveyed, by deed of mortgage, a tract

of land upon which the appellee lived as a home. He
had lived upon said land as a home for over forty
years, and had raised a large family thereon. He now
lives upon said land, and, as he claims, has a crippled
son and his family living with him; and, owing to the
son's crippled condition, all are dependent upon him
for a support. In the deed of mortgage, the appellee
expressly reserved a homestead in said land. So, by
the terms of the agreement, the appellee was to have a
homestead in said land. The expression "homestead,"
by the law of this State, has a well-defined, and but one
meaning. It means that a person with a family, living
upon land as a home, at the time the debt or obligation
is attempted to be enforced, is entitled to as much as
one thousand dollars' worth of said land, if the land
be of that much value; or, under certain conditions,
to that much money in lieu of the land itself; and if
there be not as much as one thousand dollars' worth
of land, the same must not be sold on account of said
debt or obligation; also, the homestead must include
the residence, &c. In a word, a homestead is an inter-
est in the land, not exceeding one thousand dollars'
worth; and, if the land is allotted to the person, it
must include the residence, &c. So, if the interest be
that of not exceeding one thousand dollars in the land,
it is not to be realized out of any particular part of
the land, but rests upon the whole; so, there can be
no just ground of complaint as to the indefiniteness of
the demand; or, if the claim is to be treated as em-
bracing the land itself, such claim is to include the
residence, &c., and it can not be said that it is too
indefinite to be enforced. Therefore, viewed in the

light of definiteness, the reservation is valid. · What ·does this reservation mean ? There can be but one :answer to this question, which is, that the appellee ·expressly reserved one thousand dollars' worth of land, if there was that much, from the operation of the mortgage, and the appellant, Lear, accepted the mortgage with that reservation in it. Substantially, the agreement was, that one thousand dollars' worth of the land was not mortgaged. It is not said in the pleadings that this agreement was made in considera-tion of the fact that it was understood that the appel-lee lived on the land with a family dependent·upon him, and was, therefore, entitled to a homestead by ·operation of law, and the exemption was simply made as declaratory of what the appellee's legal rights were, and all the land was mortgaged subject to that sup-posed legal right; but, as it turned out, the appellee had no such legal right; the entire tract was subject to the mortgage. The case here is silent in this re-gard, and stands upon the naked agreement· of hav-ing excepted, from the operation of the mortgage, one thousand dollars' worth of land, which must be held as valid as if the parties had excepted ten acres, or any ·other given quantity of the land; but if the entire tract was to be mortgaged to secure the payment of the debt, if any part of the land was not exempt by virtue of the statute, and it was only intended by the expressed reservation to express that fact, then there exists no good reason for holding that the mortgage would not cover the entire tract, if the entire tract was, in fact, subject to said mortgage, and the expressed reservation was inserted in the mortgage by mistake in reference

to that matter. The mistake should be corrected upon the principle that, as the whole land was subject to said mortgage, and as the parties intended to mortgage all that was subject to a mortgage, and by mistake that was left out of the mortgage, which the parties intended should be included in it, the mortgage should be so reformed as to include the excepted land. As said, the reservation in itself requires no consideration to uphold it. The fact that the same was not included in the mortgage is, if unexplained, quite sufficient, and it makes no difference whether or not the mortgagor was entitled to a homestead in the land as against his debts. The fact that he was the owner of the land, whether or not it was exempted from the payment of his debts, gave him the right to mortgage it or not to mortgage it, and his reserving any portion of it—call it a homestead if you please—from the operation of the mortgage was perfectly consistent with his rights in that regard. Therefore, as just said, it was incumbent upon the mortgagor to allege and prove that all the land that was subject to a mortgage was intended to be mortgaged, and as it turned out that the reservation of a homestead was inserted under the mistaken belief that the same was not subject to the mortgage, and but for which the same would have been mortgaged, the mortgage should be so reformed as to include said homestead.

The appellee having no wife living at the time he made the mortgage, no question arises as to his power to mortgage his homestead.

The judgment is affirmed.